Ex Parte James J. Grundy.

No. 12017. Delivered June 28, 1928.

The opinion states the case.

*Gibson Lovett & Lovett* of Corsicana, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—This is an appeal from a judgment of the county judge of Navarro county upon a habeas corpus hearing, wherein appellant was remanded to the custody of the sheriff.

It appears from the record that in January, 1928, appellant pleaded guilty to misdemeanor swindling in one or more cases. On May 1, 1928, he applied to the county court of said county by habeas corpus, seeking discharge, which relief was upon a hearing on June 16th denied, and from that order this appeal is taken.

The ground of the application is that the information presenting the offense to the county court, was signed and presented by one H. E. Wassell, who signed said document as assistant county attorney of Navarro county, when "In truth and in fact the said H. E. Wassell had never taken the oath of office as required by law and was, therefore, incapacitated as a matter of law to attach his name to said information as assistant county attorney of Navarro county, Texas." Exception was taken to the remanding order and preserved in the form of a bill, appended to which is a statement by the trial judge in the nature of a qualification, from which we learn that Wassell was in fact appointed as an assistant to L. J. Woods, County Attorney of Navarro county, and his salary fixed by the commissioners court, but no deputation was ever filed with the county clerk and no oath of office taken by Wassell, who, however, is otherwise shown in the record to have served as such assistant county attorney

one month and seventeen days, and was so serving at the time this prosecution was instituted and this information filed. The question is immediately raised as to the propriety and legality of this proceeding by habeas corpus. If the information under discussion was not void, but merely voidable, appellant's remedy is not by habeas corpus. Ex parte Degener, 30 Texas Crim. App. 566, and authorities cited in Branch's Ann. P. C., p. 151. There seems no question but that Wassell was a de facto officer, viz: a de facto assistant county attorney. He was in such office, and for a month and seventeen days performed its duties, acted as such and was recognized by this appellant and the public as such officer. The fact that he had not taken the oath and that no written deputation had been filed, in no way prevented him from being such de facto officer. Weatherford v. State, 31 Texas Crim. Rep. 535; Tracy v. State, 93 S. W. Rep. 541; Hall v. State, 50 Texas Crim. Rep. 607; Germany v. State, 3 S. W. Rep. 2d. 798. One ineligible by reason of holding some other office may be a de facto officer. Germany v. State, supra. Appellant had his remedy by regular motion to quash, or direct appeal to test the matter herein set up, and upon a proper showing in such regular way, his contention might have been sustained, but we cannot grant the relief sought by habeas corpus. Ex parte Cain, 56 Texas Crim. Rep. 539; Ex parte Keeling, 54 Texas Crim. Rep. 118, and authorities cited in Sec. 239, Branch's Ann. P. C. Appellant's situation is one which very much appeals to us, but the precedents regarding the matter are so uniform that we do not feel justified in holding otherwise.

The judgment will be affirmed.

*Affirmed.*