EX PARTE CHARLES M. LEFORS

No. 33,600.   June 7, 1961

Relator represented himself.

*W. G. Walley, Jr.*, Acting Criminal District Attorney, *W. T. Wood,* Assistant Criminal District Attorney, Beaumont, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

This is a habeas corpus proceeding by an inmate of the penitentiary attacking as void the sentence pronounced against him by Judge Owen M. Lord in the Criminal District Court of Jefferson County in January, 1954. The conviction as a second offender for felony theft was affirmed by this court in LeFors v. State, 161 Tex. Cr. Rep. 544, 278 S.W. 2d 837.

The grounds advanced are that Judge Lord was not qualified to act as judge of said court for two reasons, namely:

1. That he was convicted of a felony in 1930 in the Federal Court for the Western District of Louisiana, and

2. That he was not a member of the State Bar of Texas at the time of the trial because he had failed to pay his bar dues.

It has been the consistent holding of this court, as well as the courts of other jurisdictions, that a collateral attack upon the qualifications of a district judge, such as by habeas corpus, cannot be sustained. While he is in possession of the office under color of title, discharging its ordinary functions, a judge's official acts are conclusive as to all persons interested and cannot be attacked in a collateral proceeding, even though the person acting as judge lacks the necessary qualifications and is incapable of legally holding the office. Ex parte Call, 2 Tex. App. 497; Ex parte Grundy, 8 S.W. 2d 677; Snow v. State, 134 Tex. Cr. Rep. 263, 114 S.W. 2d 898; Anderson v. State, 149 Tex. Cr. Rep. 423, 195 S.W. 2d 368; and Salyer v. State, 166 Tex. Cr. Rep. 532, 316 S.W. 2d 420.

While the rule stated precludes the granting of the relief prayed for, we deem it appropriate to observe that the only offense charged against Owen M. Lord was the violation of Title 38, Section 551, U.S.C.A., prescribing maximum fees for attorneys handling War Risk Insurance claims. By the express

terms of said Section 551, the offense is a misdemeanor, not a felony. Margolin v. U. S., 269 U. S. 93, 70 L. ed. 176, 46 Sup. Ct. 64.

We further observe that at the time Owen M. Lord qualified for the office of district judge, following his election in 1946, the Constitution required that he "shall have been a practicing lawyer of this state, or a judge of a court in this state for 4 years next preceding his election." There is no contention that Judge Lord did not possess these qualifications.

Prior to his re-election in 1950, Article V, Section 7, of the Constitution of Texas, was amended so as to provide that a district judge "shall be licensed to practice law in this state and shall have been a practicing lawyer or a judge of court in this state, or both combined, for 4 years next preceding his election." When Judge Lord was re-elected in 1950, 1954 and 1958, he was licensed to practice law and had been a district judge for more than 4 years. On assuming the office of district judge, he ceased to be a practicing lawyer.

Neither the courts nor the legislature have the authority to add to the qualifications prescribed by the Constitution for the office of district judge. Dickson v. Strickland, 265 S.W. 1012; Kilday v. State, ex rel Candler, 75 S.W. 2d 148; State ex rel Candler v. Court of Civil Appeals, 75 S.W. 2d 253; and Burroughs v. Lyles, 181 S.W. 2d 574.

There is no merit in the contention that Judge Lord forfeited his right to hold and perform the duties of the office of district judge when he ceased to be a member in good standing of the State Bar of Texas for failure to pay dues. He was "licensed to practice law in this state," and had only to pay his dues (and vacate the office of judge) to resume his status as a "practicing lawyer."

Application for writ of habeas corpus is denied.