

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

August 30, 1965

Honorable Clint Starr
County Attorney
Midland County
Midland, Texas

Opinion No. C-491

Re: When is the Commissioners
Court of Midland County re-
quired to provide funds for
the establishment and opera-
tion of the Court of Domestic
Relations in and for Midland
County, Texas, established by
House Bill 1158, Acts 59th
Legislature, 1965, and what
salary is to be paid the
Judge of such Court?

Dear Mr. Starr:

In your letter requesting an opinion from this office
you ask four questions which require a construction of House Bill
1158, Acts 59th Legislature, 1965. Your questions are quoted as
follows:

"(1)  Is the law mandatory?  The first
sentence says 'There is hereby created a Court
of Domestic Relations in and for Midland County,
Texas.'  Does this give any discretion to the
Court as to the implementing of the Court.  If
so, when must it be done?  Could the Court wait
to January 1st, or after the election in 1966,
or have they any say in it?  Must they come up
with money as soon as the governor makes his
appointment?

"(2) . . .in Section 6 of the Law, it says
the Domestic Relations Court Judge 'shall be paid
a salary which shall be equal to the top salary
paid' to the Judge of the 142nd District Court.
The State pays Judge Pickett $16,000.00 as his
new base salary.  He gets $1,200.00 a year for
serving as a member of the Juvenile Board.  The
Court of Domestic Relations Judge would definitely
be entitled to these emoluments of income under
Article 6819a-27 for his administrative services.
The Commissioners want to know if they have to pay
the new Judge equally under this article.  Is this
included in 'total salary.'  We seem to think it is,

-2319-

but some of the attorneys think it is not.

"(3)  Under Section 11 of the law the new
Judge can appoint such investigators and officers
he needs to get his job done, and if the Juvenile
Board OKs the appointments, the Commissioners
have to pay the salaries and compensation.  In
every other instance, the Commissioners set the
number of employees and the salaries for the
elected officials and department heads, as you
well know.  But the Commissioners ask if this
actually means what it says, that they have no
such say in this instance.

"(4)  The whole bill may be questionable
since it does not require an oath and bond for
the Judge."

We will answer your questions in order of presentation.  Section
1 of House Bill 1158 reads as follows:

"Section 1.  There is hereby created a
Court of Domestic Relations in and for Midland
County, Texas."

(1)  Section 1, House Bill 1158, Acts 59th Legislature,
1965, creates a Court of Domestic Relations in and for Midland
County, Texas.  Section 24, House Bill 1158, which is the Emergency
Clause, reads as follows:

"Sec. 24.  The fact that there is a present
imperative need for the creation of a Court of
Domestic Relations for Midland County, Texas,
creates an emergency and an imperative public
necessity that the Constitutional Rule requiring
all bills to be read on three several days in
each House be suspended, and said Rule is hereby
suspended; and that this Act shall take effect
and be in force from and after its passage, and
it is so enacted."

The Emergency Clause is effective to suspend the Constitutional
Rule requiring bills to be read on three several days in each
House.  Also, there is language in the Emergency Clause which is
indicative of an intent that the bill should become immediately
effective after its passage.  However, the official endorsement
on the bill itself does not reflect that it was finally passed
by both Houses of the Legislature by the requisite two-thirds
majority which is required for a bill to become immediately

effective after its approval by the Governor. Therefore, House Bill 1158 does not become effective until ninety days after the adjournment of the 59th Legislature. Section 39, Article III of the Texas Constitution. The effective date of House Bill 1158 will be August 30, 1965. Also, it is our opinion that the provisions of House Bill 1158 providing for the payment of salaries and compensation to personnel of the Court are mandatory and the Commissioners Court of Midland County has no discretion in implementing the provisions of the Act. Consequently, it is our opinion that as soon as the Governor appoints a Judge of the Court of Domestic Relations for Midland County and such Judge qualifies and assumes the duties of office, the Commissioners Court will be required to provide the funds necessarily required by the terms of the Act to operate and maintain the Court.

(2) Section 6 of House Bill 1158 reads in part as follows:

". . .The Judge of the Court of Domestic Relations in and for Midland County, Texas, shall be paid a salary which shall be equal to the total salary paid to the District Judge of the 142nd Judicial District Court of Midland County, which shall be paid by the Commissioners Court of Midland County out of the General Fund or the Officers' Salary Fund of the County. . . ."

The phrase "total salary" as that phrase is used in paragraph 6 of House Bill 1158, quoted above, means that a judge of the court of domestic relations is entitled to receive the same salary as a district judge. Attorney General's Letter Opinion MS-51 (1953). Therefore, the Judge of the Court of Domestic Relations for Midland County is entitled to receive as salary the amount payable to the Judge of the 142nd Judicial District Court under the provisions of the Appropriations Bill for the next biennium, House Bill 12, 59th Texas Legislature, 1965, and that additional salary paid to the district judge under the provisions of Article 6819a-27, Vernon's Civil Statutes, as well as that compensation to which the district judge is entitled to receive under the provisions of Article 5139Q, Vernon's Civil Statutes, as a member of the Midland County Juvenile Board.

(3) Section 11 of House Bill 1158 provides as follows:

"Sec. 11. The Judge of the Court of Domestic Relations in and for Midland County, Texas, shall

have authority to appoint such officers and investi-
gators that might be necessary to the proper adminis-
tration of its jurisdiction in Midland County. When
he deems it necessary to the proper administration of
the Court, he may appoint a court reporter. Provided,
however, that all such appointments must be approved
by the Juvenile Board of Midland County, by a majority
vote of its members, and the salaries and compensation
of the officers, investigators, and court reporter
shall in like manner be determined by the members
and paid by the Commissioners Court out of the General
Fund of Midland County."

Section 11, House Bill 1158, delegates powers relating
to county business which has heretofore been vested in the Com-
missioners Court. Article 3902, Vernon's Civil Statutes, reads
in part as follows:

"Whenever any district, county or precinct
officer shall require the services of deputies,
assistants or clerks in the performance of his
duties he shall apply to the County Commissioners'
Court of his county for authority to appoint such
deputies, assistants or clerks, stating by sworn
application the number needed, the position to be
filled and the amount to be paid. Said application
shall be accompanied by a statement showing the
probable receipts from fees, commissions and com-
pensation to be collected by said office during
the fiscal year and the probable disbursements
which shall include all salaries and expenses of
said office; and said court shall make its order
authorizing the appointment of such deputies, as-
sistants and clerks and fix the compensation to
be paid them within the limitations herein pre-
scribed and determine the number to be appointed
as in the discretion of said court may be proper;
provided that in no case shall the Commissioners'
Court or any member thereof attempt to influence
the appointment of any person as deputy, assistant
or clerk in any office. Upon the entry of such
order the officers applying for such assistants,
deputies or clerks shall be authorized to appoint
them; . . ."

However, Section 18 of Article V of the Constitution of Texas,
which provides that Commissioners Courts shall exercise such
power and jurisdiction over county business as is conferred by
the Constitution and laws of the State does not prevent the

Legislature from committing any county business to some other authority, nor does any other provision of the Constitution prohibit the exercise of such legislative power. Clark v. Finley, 93 Tex. 181, 54 S.W. 343 (1899); Garrett v. Commissioners Court of Limestone County, 230 S.W. 1010 (Tex.Civ.App. 1921), reversed on other grounds 236 S.W. 970; Austin Bros. v. Patton, 288 S.W. 182 (Comm.App. 1927); Attorney General's Opinion WW-665 (1959).

In view of the authorities cited above, it is our opinion that the Legislature may properly delegate to the Judge of the Domestic Relations Court for Midland County and the Juvenile Board of Midland County, the powers conferred in Section 11 of House Bill 1158, without violating any provision of the Constitution.

(4) The qualifications required for a Judge of the Court of Domestic Relations vary from county to county as established by the provisions of Articles 2338-3, et seq., Vernon's Civil Statutes. The qualifications required of the Judge of the Court of Domestic Relations for Midland County are stated in Section 2 of House Bill 1158 as follows:

"Sec. 2. The Judge of the Court of Domestic Relations in and for Midland County, Texas, hereby established, shall have such qualifications as are fixed by the Constitution and Laws of this State for Judges of District Courts."

In order to qualify for the office of District Judge, the candidate must qualify under Section 7, Article V of the Texas Constitution and Article 1884, Vernon's Civil Statutes. Ex parte Lefars, 171 Cr.Rep. 229, 347 S.W.2d 254 (1961). An oath and bond is not required of a District Judge to qualify for office. However, before entering on his duties as a Judge, he must take the oath of office that is required by Section 1, Article XVI of the Texas Constitution and Article 16, Vernon's Civil Statutes. Some of the statutes creating Courts of Domestic Relations, Article 2883-3, et seq., Vernon's Civil Statutes, require that the Judge execute a bond required by the law relating to County Judges. However, since House Bill 1158 is silent regarding the requirement of executing bond, it is our opinion that it is not required of the Judge of the Court of Domestic Relations for Midland County to enter upon his duties of office.

## SUMMARY

(1) House Bill 1158, Acts 59th Legislature, 1965, becomes effective August 30, 1965. The provisions of the Act are mandatory and the Commissioners

Court has no discretion in implementing the provisions of the Act.

(2) The phrase "total salary" as that phrase is used in paragraph 6 of House Bill 1158, means that the Judge of the Court of Domestic Relations for Midland County is entitled to receive the same salary as the Judge of the 142nd Judicial District Court under the biennial appropriation act and Articles 6819a-27 and 5139Q, Vernon's Civil Statutes.

(3) In Section 11 of House Bill 1158, the Legislature has properly delegated powers relating to county business which have heretofore been vested in the Commissioners Court.

(4) In order to qualify for the office of Judge of the Court of Domestic Relations for Midland County, a candidate must qualify under Section 7, Article V of the Texas Constitution and Article 1884, Vernon's Civil Statutes.

Very truly yours,

WAGGONER CARR
Attorney General

By: Ivan R. Williams, Jr.
Ivan R. Williams, Jr.
Assistant

IRWjr:mkh:sj

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman
James Broadhurst
Tom Routt
Phillip Crawford
John Reeves

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright