Clarence Steven **PEACH**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47280.

Court of Criminal Appeals of Texas.

July 17, 1973.

Rehearing Denied Sept. 7, 1973.

**194**

Woody & Rosen, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell, John Holmes, Jr., Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation. On March 21, 1972 the appellant waived trial by jury and entered a plea of guilty before the court to the offense of unlawful possession of marihuana. His punishment was assessed at four (4) years, but the imposition of the sentence was suspended and he was placed on probation. Among the conditions of probation was the requirement that he "(a) Commit no offense against the laws of this or any other State or the United States . . . ."

On April 14, 1972 a motion to revoke probation was filed alleging that on or about April 10, 1972 the appellant committed the offense of unlawful possession of marihuana. This was the sole allegation.

Subsequently, a separate sanity hearing before a jury was conducted and the following day the court heard the motion to revoke probation at the conclusion of which he entered an order revoking probation.

At the outset appellant complains that the court erred in proceeding with the hearing on the motion to revoke when there was an outstanding and unvacated judgment finding appellant incompetent to stand trial. Although no such contention was urged at the time of the hearing on the motion to revoke, appellant relies on the judgment in the record which was entered following the separate sanity hearing. The judgment adjudges the appellant to be sane but appellant points to the special issues submitted to the jury and the answers thereto which are set forth in the body of the judgment which reflect that the jury found the appellant to be insane. An examination of the court's charge and the jury verdict at the separate sanity hearing clearly reflects that the jury found the appellant to be sane. Thus, it appears that whoever prepared the judgment did not type into the body of the judgment the special issues as actually submitted to the jury. This being a clerical error, there is no merit to appellant's contention.[1]

Next appellant complains that the separate sanity hearing was invalid because the 177th District Court "Annex B" had no authority to consider the case since the case was filed in the 182nd District Court. This record reflects that the separate sanity hearing was conducted in the 182nd District Court with Judge H. P. Green presiding. The only reference to the 177th District Court is found on the fly leaf of the transcription of the court reporter's notes

---

1. The judgment may be reformed to speak the truth by a motion to enter judgment nunc pro tunc.

and it reflects that Cause No. 167,431 in the 182nd District Court "came for a hearing before the Honorable H. P. Green, Judge of the 177th District Court B of Harris County, Texas."

■ Whether Judge Green was assigned by administrative order to sit in the 182nd District Court or in the 177th District Court would not matter under the circumstances presented. If assigned to the 177th District Court of Harris County, he would certainly be able to preside in the 182nd District Court of Harris County. See Article 199, subd. 177, Vernon's Ann.Civ.St. *Cf.* Pendleton v. State, 434 S.W.2d 694, 697 (Tex.Cr.App.1968).

■ The Court of Criminal Appeals will take judicial notice of the fact that the judge who presided at the trial of the accused was retired on a certain date and had timely filed his election to continue in a judicial capacity. Buchanan v. State, 471 S.W.2d 401 (Tex.Cr.App.1971). And such judge is a "district judge" within the rule that no formal order need be entered for a judge of one district court to preside over a case in place of a duly elected judge and no formal order is required for him to preside. Buchanan v. State, supra.

■ Further, it should be here observed that no appeal lies from a judgment rendered in a preliminary trial on the issue of insanity. Schoier v. State, 480 S.W.2d 657 (Tex.Cr.App.1972), and cases there cited; Rounsavall v. State, 480 S.W.2d 696, 697 (Tex.Cr.App.1972).

For this same reason, we decline to discuss appellant's contention that the standard utilized by the court in the sanity hearing improperly placed the burden of proof on him.

Next appellant claims that his arrest, search and seizure on April 10, 1972 was illegal for the reason that the hitchhiking statute upon which said arrest was predicated, to wit: Article 6701d § 81(c), Vernon's Ann.Civ.St., and City of Houston Ordinance § 46–308(a), are invalid and unconstitutional.

We find nothing save the suggestion advanced in appellant's brief that the arrest in question was predicated upon this statute or city ordinance.

■ First, it is well established that a court may not take judicial notice of a city ordinance.[2] It must be proven. There was no mention made of such ordinance at the revocation hearing nor was it introduced. We decline to discuss the constitutionality of the ordinance set forth in appellant's brief.

■ Further, the record reflects Houston Police Officer Binford and his partner, Officer Davenport, were on patrol at 5:35 p. m. in the 2600 block of South Shepherd in Houston on April 10, 1972 when they saw the appellant standing in the first lane of four lanes of heavy traffic; that they observed him "walking backwards" "facing south, hitchhiking north" with cars swerving to get around him. In the opinion of Officer Binford, he constituted a traffic hazard. As the officers approached, the appellant jumped upon the adjacent sidewalk and then began to run. Officer Binford observed him trying to eat some objects. Both officers pursued him and when Davenport reached him he took a swing at Davenport. Binford then began to subdue the appellant who reached in his pocket and threw to the ground what was shown to be two marihuana cigarettes. Without objection, Officer Binford testified the appellant told him he had swallowed some barbiturate tablets and would have eaten the marihuana "if we had been a second slower."

Article 6701d § 81(a), Vernon's Ann. Civ.St., provides, "Where sidewalks are provided it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway."

2. 1 Branch's Ann.P.C. 2d ed. § 449, p. 452.

Under the facts of this case showing an adjacent sidewalk, the arrest could have been made for violation of this statute. Since there is no showing that the arrest was predicated alone upon a violation of Article 6701d § 81(a), supra, we do not discuss its constitutionality.

■ Still further, appellant urges his arrest was violative of the Fourth and Fourteenth Amendments and of the Texas Constitution and that the seizure of evidentiary items was unconstitutional.

It is here observed that the marihuana cigarettes used as the basis of the probation revocation were thrown to the ground and abandoned by the appellant and were not discovered as a result of any search. And what we have said previously should dispose of any question of the legality of the arrest.

Appellant also contends the court erred in "considering" statements made by appellant after his arrest "in violation of appellant's Fourth, Fifth and Sixth Amendment rights" and Article 38.22, Vernon's Ann.C.C.P.

■ As earlier noted, these statements made by appellant as to swallowing barbiturate tablets, etc., were made without any objection and present nothing for review. Further, if the testimony was inadmissible, it is presumed that the trial judge as the trier of the facts at a revocation of probation hearing disregarded the same.

■ Sanders v. State, 482 S.W.2d 648 (Tex.Cr.App.1972); Hunter v. State, 481 S.W.2d 806 (Tex.Cr.App.1972); Finklea v. State, 481 S.W.2d 889 (Tex.Cr.App.1972); Reyna v. State, 434 S.W.2d 362 (Tex.Cr.App.1968), and numerous other cases have been decided contrary to appellant's contention that the classification of marihuana by Article 725b, Vernon's Ann.P.C., is unconstitutional.

Appellant still further contends that the order of revocation is invalid because it contains mere conclusory statements without stating the basis of the revocation.

■ Appellant's description of the revocation order is correct. The reasons for the revocation should have been set forth therein, but it is well established that the failure of the trial court to make such findings is not reversible error in absence of a request for such findings or reasons. Wilcox v. State, 477 S.W.2d 900 (Tex.Cr.App.1972); Hulsey v. State, 447 S.W.2d 165 (Tex.Cr.App.1969); Garcia v. State, 488 S.W.2d 448 (Tex.Cr.App.1972). There was no request for such findings in the instant case. Further, it is observed that at the conclusion of the revocation hearing the court dictated into the record his findings and also entered such findings on the docket sheet in his own handwriting. The fact that the findings were not contained in the written order as well appears to be an oversight.

Lastly, appellant complains that one of his conditions of probation was that he pay a $10.00 fee to the "Criminal Justice Planning Fund."

■ A trial court in imposing probationary conditions in a felony case where probation has been granted by the court is not limited to the probationary conditions set forth in Article 42.12 § 6, Vernon's Ann.C.C.P. Since this condition was not the basis of appellant's revocation, we decline to discuss whether it was an unreasonable condition to impose.

The judgment is affirmed.