Mike Allen **HERROD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 61604.

Court of Criminal Appeals of Texas, En Banc.

May 25, 1983.

Kenneth R. Stein, Dallas, for appellant.

Henry Wade, Dist. Atty., Ronald D. Hinds, Victor Ortiz and Kathi Alyce Drew, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

ONION, Presiding Judge.

We granted the State's motion for leave to file a motion for rehearing to reconsider the question whether a retired district judge could preside over a criminal trial in County Criminal Court No. 3 of Dallas County. The original panel opinion reversed the conviction for the failure of the record to show by what authority the retired district judge presided since the duly and regularly elected judge of the trial court did not preside. The panel opinion noted the record did not show whether the retired district judge was a special judge under Article 1970–31.13, § 8, V.A.C.S., or by what authority presided. The panel opinion cited *West v. State,* 172 Tex.Cr.R. 409, 358 S.W.2d 132 (Tex.Cr.App.1962); *Dalby v. State,* 368 S.W.2d 626 (Tex.Cr.App. 1963); *Brown v. State,* 156 Tex.Cr.R. 32, 238 S.W.2d 787 (Tex.Cr.App.1950). In *Dalby* the conviction was reversed because the record failed to show that the "special" judge took the oath of office as required by statute. In *West* the conviction was reversed for the same reason and because the record failed to show the mode of selection of the "special" judge. In *Brown* the conviction was affirmed because it was shown the "special" judge had taken the oath of office as required by the statute.

The State contends these cases all dealt with "special" judges and retired District Judge Ed Gossett presided over the instant case by virtue of Articles 1970–31.30 and 6228b, § 7, V.A.C.S. See also Article 200a, V.A.C.S.

Article 1970–31.30, V.A.C.S. (Retired judges as substitutes in Dallas County), provides:

"Section 1. (a) When the regular judge of a county court at law, county criminal court, county criminal court of appeals, or probate court for Dallas County is absent or is from any cause disabled or disqualified from presiding, the presiding judge of the First Administrative Judicial District may appoint a retired judge to sit for the regular judge, provided the retired judge:

"(1) voluntarily retired from office;

"(2) resides within the First Administrative District;

"(3) certifies his willingness to serve;

"(4) has previous judicial experience; and

"(5) otherwise meets the qualifications required of the regular judge.

"(b) When the docket of a county court at law, county criminal court, county criminal court of appeals, or probate court for Dallas County becomes so excessive that the presiding judge deems it an emergency, he may appoint a retired judge who meets the qualifications set out in Subsection (a) of this section to sit for the regular judge for as long as the emergency exists.

"Sec. 2. A retired judge appointed to sit for a regular judge under the provisions of this Act *shall execute the bond and take the oath of office* which is required by law for the regular judge for whom he is sitting.

"Sec. 3. A retired judge appointed under the provisions of this Act has all the power and jurisdiction of the court and the regular judge for whom he is sitting and may sign orders, judgments, decrees, or other process of any kind as 'Judge Presiding' when acting for the regular judge.

"Sec. 4. A retired judge appointed to sit for the regular judge under the provisions of this Act shall receive for the services actually performed the same amount of compensation which the regular judge is entitled to receive for such services. The amount to be paid for such services shall be paid out of the county funds on certification by the presiding judge of the First Administrative Judicial District that the retired judge has rendered the services and is entitled to receive the compensation. No part of the amount paid to a retired judge sitting for the regular judge shall be deducted or paid out of the salary of the regular judge.

"Sec. 5. The provisions of the Act are cumulative of all laws pertaining to the

election or appointment of a special judge, and if, in addition to a retired judge appointed to sit temporarily for a regular judge, a special judge is needed, he shall be appointed or elected as now authorized by law." (Emphasis supplied.)

This statute is found in Title 41 of the Revised Civil Statute entitled "Courts—County."

Article 6228b, § 7, V.A.C.S. (in effect at the time of the instant trial on September 6, 1978),[1] relating to the retirement of appellate and district judges, provided that an eligible retired judge may "sit in any court of this state of the same dignity, or lesser, as that from which they retired . . . ."

Article 200a, V.A.C.S. (Administrative Judicial Districts), divides the State into nine (9) administrative judicial districts and places Dallas County in the first administrative district. In § 2 thereof it requires the Governor to appoint a presiding judge of each administrative district, who is a regularly elected district judge, a retired district judge, or an active or retired appellate judge with judicial experience on a district court.

The statute further authorizes such appointed presiding judge to assign a regularly elected judge, a retired appellate or district judge eligible under the statutes to sit in said administrative district or to assign such judges to another administrative district where a need arises.

The State argues that a retired district judge who is eligible for assignment after qualification under Article 200a, supra, and Article 6228b, supra, may by the Presiding Judge of the First Administrative District be assigned to preside in one of the Dallas County Courts in Article 1970–31.30, supra, as these courts are courts of a lesser dignity, provided, of course, the judge resides within the First Administrative Judicial District.

1. Repealed by Acts 1981, 67th Leg., p. 2063, ch. 453, § 3(4), eff. Sept. 1, 1981. Now see Title 110B, Public Retirement Systems.

■ While this record does not so reflect, we can take judicial notice that Judge Ed Gossett retired as a district judge on December 31, 1976, and timely filed his election to continue in a judicial capacity as shown by the records of the Chief Justice of the Supreme Court of Texas. *Crawford v. State,* 509 S.W.2d 582 (Tex.Cr.App.1974); *Peach v. State,* 498 S.W.2d 192 (Tex.Cr.App. 1973); *Buchanan v. State,* 471 S.W.2d 401 (Tex.Cr.App.1971).

It has been held that where an eligible retired district judge has duly filed his election to continue in a judicial capacity no formal order need be entered by the presiding judge of the administrative district or by the duly elected judge of said district court for him (retired judge) to exchange benches and preside over a trial *in a district court.* See *Crawford v. State,* supra; *Peach v. State,* supra; *Buchanan v. State,* supra.

■ These cases are based in part on the fact that an eligible retired district judge who has duly filed his election to continue in a judicial capacity is still a district judge. Article V, § 11 of the Texas Constitution, provides in part:

"And the District Judges may exchange districts, or hold courts for each other when they deem it expedient, and shall do so when required by law."

See also Article 1916, V.A.C.S. See also *Pendleton v. State,* 434 S.W.2d 694 (Tex.Cr. App.1968); *Richardson v. State,* 154 Tex. Cr.R. 422, 228 S.W.2d 179 (Tex.Cr.App. 1950); *Randel v. State,* 153 Tex.Cr.R. 282, 219 S.W.2d 689 (Tex.Cr.App.1949); 33 Tex. Jur.2d, Judges, § 102, p. 479; *Buchanan v. State,* supra. See also *Ex parte Lowery,* 518 S.W.2d 897 (Tex.Cr.App.1975) (holding that district judges may exchange benches upon their own initiative and the entry of a formal order is not required and the reason for the exchange need not be shown in the minutes).

■ And when a regularly elected district judge or a duly eligible retired district judge is assigned by an administrative assignment to another district court, it makes no difference if the judge of the court to which assignment is made is functioning and presiding over the said court at the same time. *Haley v. State,* 151 Tex.Cr.R. 392, 208 S.W.2d 378 (Tex.Cr.App.1948).

■ In the instant case we are not dealing with an exchange of benches between district judges, but with the question of the authority of a retired district judge to act in the County Criminal Court No. 3 of Dallas County. Reading Articles 200a, 6228b, § 7 (in effect at the time of the instant trial), together we construe the term "retired judge" in the latter statute to include a retired district judge who has timely filed his election to continue in a judicial capacity. However, we find no order of assignment from the Presiding Judge of the First Administrative Judicial District assigning Judge Gossett to the said County Court for the time in question when the instant case was tried. Unlike the case of district judges, there are no constitutional and statutory provisions in addition to administrative assignment for a retired district judge to preside in one of the enumerated county or probate courts of Dallas County. Even if we presumed there was a formal order, there are other difficulties. Article 1970–31.30, supra, provides that a retired judge may be appointed to sit for the regular judge of a county court at law, county criminal court, county criminal court of appeals or probate court when the regular judge is absent or is from any cause disabled or disqualified, or where the docket is excessive and an emergency is declared. While a district judge, active or retired, may be assigned to a district court where the regular judge is also presiding, Article 1970–31.30 makes clear that the regular judge must be absent, disabled, or disqualified, before a retired judge may be appointed. There is nothing in this record to show that the regular judge of County Criminal Court No. 3 of Dallas County was absent, disabled or disqualified at the time of the

instant trial so as to authorize a retired judge to sit.

■ While there are other requirements of Article 1970–31.30 that could be discussed, we further observe that even if Judge Gossett was duly assigned and even if the regular judge was absent, disabled or disqualified, there is no showing in the record that Judge Gossett executed the bond or took the oath of office as required by § 2 of said Article 1970–31.30.

For the reasons stated, the State's motion for rehearing is overruled.

McCORMICK, Judge, dissenting.

The majority would reverse appellant's conviction herein because there is nothing in the record before us to show by what authority a retired district judge sat as trial judge in a county criminal court of Dallas County. Because there was no objection or complaint on this ground of error raised at the trial, nothing has been preserved for review and any error has been waived. *Esquivel v. State,* 595 S.W.2d 516 (Tex.Cr.App. 1980); *Thompson v. State,* 537 S.W.2d 732 (Tex.Cr.App.1976). If there is no trial court objection, then only a fundamental error requires reversal. *Gooden v. State,* 576 S.W.2d 382 (Tex.Cr.App.1979); *Smith v. State,* 513 S.W.2d 823 (Tex.Cr.App.1974).

Article 6228b, Section 7, V.A.C.S., (as it was effective at the time of this trial on September 6, 1978), provided that a retired appellate or district court judge, if eligible, may "sit in any court of this state *of the same dignity, or lesser,* as that from which they retired...." (Emphasis added). If it is unnecessary for a written order to be entered for district judges to exchange benches, I see no reason for such an order for a retired judge to sit on a lesser court than that from which he retired absent an objection to the court. See *Crawford v. State,* 509 S.W.2d 582 (Tex.Cr.App.1974); *Peach v. State,* 498 S.W.2d 192 (Tex.Cr.App.

1973); *Buchanan v. State,* 471 S.W.2d 401 (Tex.Cr.App.1971).

In a similar situation in *French v. State,* 572 S.W.2d 934 (Tex.Cr.App.1978), and *Keen v. State,* 626 S.W.2d 309, 311–12 (Tex. Cr.App.1981), it was held that if a judge acts under color of law[1] and reasonably believing himself to be a judge, and discharges the duties of the office, his actions could only be challenged directly in a quo warranto proceeding and not on appeal. *Keen v. State,* supra; *Snow v. State,* 134 Tex.Cr.R. 263, 114 S.W.2d 898 (1937); *Ex parte Lefors,* 171 Tex.Cr.R. 229, 347 S.W.2d 254 (1961). See also, *Archer v. State,* 607 S.W.2d 539 (Tex.Cr.App.1980).

For these reasons, I respectfully dissent.

W.C. DAVIS and CAMPBELL, JJ., join in this dissent.

---

1. As here, under Article 6228b, Section 7, V.A.

