IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-89-088-CR




ALEJANDRO MONTANA,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 85,114, HONORABLE SAM BAXTER, JUDGE


 





PER CURIAM

 A jury found appellant guilty of aggravated robbery and assessed punishment at
imprisonment for eighty-seven years and a $10,000 fine. Tex. Pen. Code Ann. § 29.03 (1989)
(since amended). Appellant was awarded an out-of-time appeal in a post-conviction habeas corpus
proceeding, after which he knowingly and voluntarily waived the assistance of counsel.

 On September 18, 1986, appellant forced his way into the home of Michael and
Denise Shirley in Austin. Wielding a pistol, appellant demanded that the Shirley's housekeeper,
Marie Alicia Williams, show him where the money, jewelry, and weapons could be found. Later,
appellant tied Williams to a chair and continued to rummage through the house. While this was
going on, Denise Shirley came home with her two-year-old son. Mrs. Shirley was also held at
gunpoint and restrained by appellant. During this ordeal, appellant repeatedly threatened to kill
Williams, Shirley, and the Shirley children.

 In his first point of error, appellant contends the evidence does not support the
jury's finding that he was guilty of aggravated robbery "as alleged in the indictment." Appellant
notes that the indictment alleges that he used and exhibited a firearm, and argues that the evidence
shows only that he exhibited the weapon.

 The sufficiency of the evidence is measured against the charge, not the indictment. 
Benson v. State, 661 S.W.2d 708 (Tex. Cr. App. 1983). The charge in this cause properly
authorized appellant's conviction if the jury found that he used or exhibited a firearm. See Cowan
v. State, 562 S.W.2d 236, 240 (Tex. Cr. App. 1978). But the evidence is sufficient even if it is
measured against the indictment. In § 29.03, the terms "use" and "exhibit" are not mutually
exclusive. The evidence establishes that appellant used the pistol to place his victims in fear by
exhibiting it during the robbery. Maxwell v. State, 756 S.W.2d 855, 858 (Tex. App. 1988, pet.
ref'd). The first point of error is overruled.

 Appellant's second point of error complains of ineffective assistance by his trial
counsel. In reviewing this contention, this Court must indulge a strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance, Strickland v.
Washington, 446 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53 (Tex. Cr. App. 1986); 
must take care to avoid the distorting effects of hindsight, Ex Parte Burns, 601 S.W.2d 370 (Tex.
Cr. App. 1980); and must base our review on the totality of representation rather than isolated
errors, Boles v. State, 598 S.W.2d 274 (Tex. Cr. App. 1980).

 Appellant first criticizes counsel for failing to object to the prosecutor's
impeachment of his alibi witness with evidence of his prior arrests. Appellant correctly notes that
such impeachment was improper. Tex. R. Cr. Evid. Ann. 608(b) (Pamph. 1991). However,
counsel may have considered it better trial strategy not to object to the prosecutor's questions for
fear the jury might believe that the defense had something to hide, or might hypothesize that the
witness had a criminal record much worse than it was.

 Next, appellant complains of counsel's failure to object to testimony concerning
extraneous offenses. Appellant was arrested in Corpus Christi four days after the robbery. He
was driving the automobile used in the offense and was accompanied by three men. A loaded .38
pistol identified as stolen in the robbery was found at the feet of the front passenger. Other
weapons were found in the car, and it is to these that appellant contends his attorney should have
objected: a loaded .357 magnum pistol found under the driver's seat, a loaded 30.06 rifle found
in the trunk, and 30.06 ammunition and 12-gauge shotgun shells also found in the trunk.

 The shotgun shells were identified as being identical to shells taken in the robbery,
and were properly admitted. The .357 pistol, the 30.06 rifle, and the 30.06 ammunition were not
identified as being used or taken in the robbery, and arguably were inadmissible. Stanley v. State,
606 S.W.2d 918 (Tex. Cr. App. 1980); Cunningham v. State, 500 S.W.2d 820 (Tex. Cr. App.
1973). See also Couret v. State, 792 S.W.2d 106 (Tex. Cr. App. 1990); Maddox v. State, 682
S.W.2d 563 (Tex. Cr. App. 1985). But we do not believe that counsel's failure to object to this
evidence, standing alone, is sufficient to warrant a finding of ineffectiveness.

 Finally, appellant urges that his attorney should have objected to certain statements
made by the prosecutors during their argument at the guilt stage. We have examined these
statements and find that they were reasonable deductions from the evidence.

 Looking at the totality of the performance of trial counsel, we find that it fell within
the wide range of reasonable professional assistance. The second point of error is overruled.

 In his third point of error, appellant contends the court erred in overruling his
objection to the introduction of a penitentiary packet reflecting appellant's previous conviction,
under another name, for theft. Appellant argues that the judgment and sentence contained in the
packet were not authenticated by the clerk of the trial court as required by Dingler v. State, 723
S.W.2d 806 (Tex. App. 1987), pet. dism'd with opinion, 768 S.W.2d 305 (Tex. Cr. App. 1989). 
Dingler has been overruled. Reed v. State, No. 222-90, Tex. Cr. App., May 15, 1991 (not yet
reported). In any event, appellant's contention is factually incorrect; the judgment and sentence
are both certified by the district clerk. The point of error is overruled.

 In his last point of error, appellant contends that the judgment is void because it
is signed by Sam Baxter, who was not the judge who presided at the trial and whose authority to
act does not appear in the record. This Court may take judicial notice that Sam Baxter was the
judge of the 71st Judicial District Court at the time of appellant's trial. Harrod v. State, 650
S.W.2d 814, 817 (Tex. Cr. App. 1983). District judges may exchange districts or hold court for
each other when they deem it expedient. Tex. Const. Ann. art. V, § 11 (1955). No formal order
need be entered for the judge of one district court to preside over a case in the place of another,
and it is not necessary that the docket sheet or minutes show the reason for exchanging benches. 
Pendleton v. State, 434 S.W.2d 694, 696-97 (Tex. Cr. App. 1968). The point of error is without
merit.

 The judgment of conviction is affirmed.



[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed: August 30, 1991

[Do Not Publish]