In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00074-CV
______________________________


JOHN WAYNE CHARLESTON, Appellant
 
V.
 
KENNETH PATE, ET AL., Appellee


                                              

On Appeal from the 5th Judicial District Court
Cass County, Texas
Trial Court No. 04-C-230


                                                 


Before Morriss, C.J., Ross and Cornelius,* JJ.
Opinion by Justice Cornelius

________________________
*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


O P I N I O N

            John Wayne Charleston appeals from an adverse judgment in his suit against Randall Lee,
Tina M. Richardson, and several other persons for various alleged civil rights violations committed
in connection with Charleston's conviction for aggravated robbery. The trial court dismissed
Charleston's case as to all defendants on the grounds of immunity and failure to state a claim. 
Charleston appeals only as to Randall Lee and Tina Richardson, the district attorney and assistant
district attorney of Cass County, respectively, who represented the State in the prosecution of
Charleston.
            Charleston raises five issues in which he contends, generally, that Lee failed to properly
appoint Richardson as assistant district attorney; Richardson failed to take the oath of office and was
therefore not qualified to act as assistant district attorney; these failures violated Charleston's civil
rights under 42 U.S.C.A. § 1983 (2003) and other statutes; and Lee and Richardson are not entitled
to immunity. Lee and Richardson raise several defenses other than immunity, but we hold that
prosecutorial immunity bars Charleston's claims, so it is not necessary for us to address the other
defenses.
            Lee and Richardson collaborated in the filing and prosecution of the aggravated robbery
charge against Charleston, and they represented the respondents in three habeas corpus petitions
Charleston filed seeking to gain release from incarceration. Charleston first contends that
Richardson was not properly appointed or qualified as assistant district attorney and, therefore, the
actions of Lee and Richardson in prosecuting him were violations of his due process rights. 
            District attorneys and other prosecutors are absolutely immune from liability when
performing their prosecutorial functions. Imbler v. Pachtman, 424 U.S. 409 (1976); Font v. Carr,
867 S.W.2d 873 (Tex. App.—Houston [1st Dist.] 1993, writ dism'd w.o.j.); Miller v. Curry, 625
S.W.2d 84, 86–87 (Tex. App.—Fort Worth 1981, writ ref'd n.r.e.). This immunity protects not only
chief prosecutors, but also their assistants who perform prosecutorial functions. Imbler v. Pachtman,
424 U.S. 409 (deputy district attorney); Font v. Carr, 867 S.W.2d at 874 (assistant district attorney). 
Prosecutorial functions are those acts representing the government in filing and presenting criminal
cases, as well as other acts that are "intimately associated with the judicial process." Clawson v.
Wharton County, 941 S.W.2d 267 (Tex. App.—Corpus Christi 1996, writ denied); Font v. Carr, 867
S.W.2d at 872. Absolute immunity protects a prosecutor even if the prosecutor acts in bad faith or
with ulterior motives, so long as he or she acts within the scope of his or her prosecutorial functions. 
Clawson v. Wharton County, 941 S.W.2d at 272; Miller v. Curry, 625 S.W.2d at 86.
            Charleston argues that Richardson was not legally qualified as assistant district attorney
because her appointment was not properly authorized by the Cass County Commissioner's Court and
she did not take the oath of office. We reject this contention. Charleston concedes that Richardson
held the office of assistant district attorney and actively assisted the district attorney in filing and
prosecuting the robbery charge against him. Consequently, she was the de facto assistant district
attorney, and her authority cannot be attacked in a collateral proceeding. Ex parte Grundy, 110 Tex.
Crim. 367, 8 S.W.2d 677 (1928) (assistant county attorney); see also Freeman v. State, 556 S.W.2d
287, 304 (Tex. Crim. App. 1977); Dane v. State, 36 Tex. Crim. 84, 35 S.W. 661 (1896). It is the
nature of one's activity, not one's title or qualifications, that gives rise to the prosecutorial immunity. 
Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993).
            The acts of Lee and Richardson that Charleston alleged as the basis of his suit were all
performed in representing the State in prosecuting the criminal case against Charleston and in
representing the respondents in Charleston's petitions for habeas corpus. As such, they were acts
intimately connected to the judicial process. The trial court correctly dismissed Charleston's suit
against Lee and Richardson on the basis of prosecutorial immunity and failure to state a claim.
            For the reasons stated, we affirm the judgment.
 

                                                                        William J. Cornelius
                                                                        Justice*

*Chief Justice, Retired, Sitting by Assignment
 
Date Submitted:          April 3, 2006
Date Decided:             May 23, 2006