NUMBER 13-05-00332-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


ROBERT BOTELLO,                                                                         Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

                                                                                                                       


    On appeal from the 105th District Court of Nueces County,
Texas.

                                                                    
                                                   

                       MEMORANDUM OPINION

 

               Before Justices Hinojosa,
Rodriguez, and Garza

                         Memorandum
Opinion by Justice Hinojosa

 








In May 2001, appellant, Robert Botello,
pleaded guilty to the offense of possession of cocaine in the 105th District
Court of Nueces County, Texas.  The court
found him guilty and assessed his punishment at five years= imprisonment and a $1,000 fine.  However, the prison sentence was suspended,
and appellant was placed on community supervision for a term of five
years.  The State subsequently filed a
motion to revoke appellant=s community supervision.  After he pleaded Atrue@ to the State=s allegations, the court found that
appellant had violated several conditions of his community supervision and
sentenced him to three years= imprisonment.  In a single issue, appellant complains that a
visiting judge did not have the authority to revoke his community
supervision.  We affirm.

It is undisputed that the 105th District
Court of Nueces County, Texas, had proper jurisdiction over appellant=s community supervision.  During all but one of appellant=s appearances before the court, the
presiding judge of the 105th District Court, the Honorable J. Manuel Banales,
presided.  However, at the hearing on the
motion to revoke, the Honorable Robert C. Pate, Former District Judge, sitting
by assignment, presided over the 105th District Court.  The order of revocation, however, was signed
by Judge Banales.

It is well-established that a judge sitting
by administrative assignment under the provisions of chapter 74 of the Texas
Government Code Ahas all the powers of the judge of the court
to which he is assigned.@  Tex. Gov=t Code Ann. ' 74.059(a) (Vernon 1998); Alexander v.
State, 903 S.W.2d 881, 883 (Tex. App.BFort Worth 1995, no pet.) (citing Herrod
v. State, 650 S.W.2d 814, 817 (Tex. Crim. App.1983) (opin. on reh=g); Alfaro v. State, 638 S.W.2d 891,
895 (Tex. Crim. App.1982); Pendleton v. State, 434 S.W.2d 694, 696‑97
(Tex. Crim. App.1968); see Tex.
Const. art. V, sec. 11 (ADistrict Judges may exchange districts, or
hold courts for each other when they may deem it expedient@)).

Appellant first argues that section 10 of
article 42.12 of the Texas Code of Criminal Procedure limits the authority to
revoke community supervision to the same judge who tried a defendant.  We disagree.








Section 10 does not provide, as appellant
argues, that only the judge who tried a person may revoke the person=s community supervision.  Section 10 provides that Aonly the court in which the defendant
was tried may grant community supervision, impose conditions, revoke the
community supervision, or discharge the defendant . . . .@  Tex. Code Crim. Proc. Ann. art. 42.12, ' 10(a) (Vernon Supp. 2005) (emphasis added);
compare id. (AIn a felony case, only the judge who
originally sentenced the defendant may suspend execution thereof and place the
defendant under community supervision pursuant to Section 6 of this article.@).  We
will not superimpose additional restrictions on the statute.

Appellant next asserts it did not become
apparent, until the time of perfecting his appeal, that a visiting judge was
presiding.  Thus, he argues, he has not
waived his right to object.

However, appellant presents no authority
showing the right of a criminal defendant to object to an assigned judge.  On the contrary, the Texas Court of Criminal
Appeals has held that section 74.053 of the Texas Government Code, which allows
parties to civil cases to object to an assigned judge, does not apply to
criminal cases.  See Lanford v.
Fourteenth Court of Appeals, 847 S.W.2d 581, 586-87 (Tex. Crim. App. 1993);
see also Tex. Gov=t Code Ann. '74.053(b), (d) (Vernon 1998).

We overrule appellant=s sole issue.

The judgment of the trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

 

Do not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and filed this

the 20th day of July, 2006.