Alvin Leon **BUCHANAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 44010, 44011.

Court of Criminal Appeals of Texas.

July 14, 1971.

Rehearing Denied Oct. 26, 1971.

402

Henry J. McCluskey, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., Edgar A. Mason, Robert T. Baskett and James Moss, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

■ These appeals are from convictions for two offenses of sodomy as denounced by Article 524, Vernon's Ann.P.C. The punishment of five years in each case was assessed by the jury after the cases were combined.[1] The sentences were to run concurrently.

The indictment in Cause No. 44,010 charges an act of oral sodomy between the appellant and Lexter Lee Ashmore on or about the 4th day of February, 1969. The proof shows that this act was committed by Ashmore upon the appellant in a public restroom at Reverchon Park. The other offense in Cause No. 44,011 was between the appellant and Billy Earl Thomas on the 25th day of April, 1969, in a public restroom of a Sears store.

After the jury was sworn, the appellant requested and was granted a hearing on the issue of present insanity or his competency to stand trial. Another jury selected to try this issue found the appellant sane at that time (mentally competent to comprehend the proceedings and able to consult with his attorney and others to make a rational defense).

The sufficiency of the evidence is not challenged.

The appellant attacked the constitutionality of Article 524, supra, in the trial court. He then challenged its constitutionality in a United States District Court. A three-judge federal court held the statute unconstitutional in Buchanan v. Batchelor, D.C., 308 F.Supp. 729. Afterwards, contrary to the federal court, we held the statute to be constitutional in Pruett v. State, Tex.Cr.App., 463 S.W.2d 191. The Supreme Court of the United States dis-

missed a direct appeal from this Court for want of a substantial federal question. Pruett v. Texas, 402 U.S. 902, 91 S.Ct. 1379, 28 L.Ed.2d 643.

■ Also, the Supreme Court vacated the judgment of the three-judge federal court. Wade v. Buchanan, 401 U.S. 989, 91 S.Ct. 1221, 28 L.Ed.2d 526. We hold as we did in Pruett v. State, supra, that Article 524, supra, as applied to facts in these cases, is constitutional.

In three grounds of error, complaint is now made that the Honorable Henry King, a retired judge, conducted the trial without a proper appointment from the presiding judge of the First Administrative Judicial District of Texas.

The record reflects that Judge King conducted the trial which was held on the 8th and 9th days of September, 1969. An order signed by the Honorable Dallas Blankenship, Presiding Judge of the First Administrative Judicial District, dated September 14, 1969, assigned Judge King to Criminal District Court No. 5 beginning September 7, 1969.

No objection was made to Judge King's presiding. The matter was raised for the first time in the appellate brief.

He contends that Judge King, a retired district court judge, acted as a special judge in the trial held on September 8th and 9th, 1969, and did not take constitutional oath of office as required by Article 30.04, Vernon's Ann.C.C.P.

■ Judge King was not a "special" judge but a "retired" judge acting under authority of Articles 200a, Section 5a, and 6228b, Section 7, Vernon's Ann.Civ.St., which authorize certain retired judges to continue to serve.[2] Judge King had upon retirement fulfilled the provisions of the

---

1. Duplicate records were forwarded to this Court. Where two cases have been combined in one trial, it is not necessary to send two transcriptions of the court re-

porter's notes. See Gonzalez v. State, 468 S.W.2d 85.

2. See Werlein v. Calvert, Tex., 460 S.W. 2d 398.

latter statute to "continue as a judicial officer." Judicial notice is taken of the fact that Judge King retired on December 31, 1968, and timely filed his election to continue in his judicial capacity as shown by the records of the Chief Justice of the Supreme Court of Texas. Although the formal written administrative assignment is dated September 14, 1969, there is no showing that the actual assignment did not precede the formal order.

In Pendleton v. State, Tex.Cr.App., 434 S.W.2d 694, this Court stated that "[n]o formal order need be entered for the judge of one district court to preside over a case in the place of a duly elected judge." See Richardson v. State, 154 Tex.Cr.R. 422, 228 S.W.2d 179.

■■ We hold that Judge King as a retired judge having properly filed his election to continue to serve as a judicial officer is a district judge in this sense and no formal order need have been entered at the time of trial for him to preside over the case. Without a showing to the contrary, it is presumed that the assignment was actually made prior to the trial of these cases.

■ The appellant finally contends that the evidence admitted against him was obtained in violation of the Fourth Amendment because he had a reasonable expectation of privacy. Police officers observed from concealed positions above the men's restroom in Sears Department Store and in Reverchon Park two separate acts of oral sodomy committed by the appellant while inside toilet stalls. What people seek to preserve as private, even in areas accessible to the public, may be constitutionally protected as the Fourth Amendment protects people, not places. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L. Ed.2d 576. A toilet stall in a public restroom is private to the extent it is offered to the public for private, however transient, individual use. Britt v. Superior Court, 58 Cal.2d 469, 24 Cal.Rptr. 849, 374 P.2d 817. The occupants are entitled to the modicum of privacy its design affords. Brown v. State, 3 Md.App. 90, 238 A.2d

147. Where, however, the design is such that there is no right to expect privacy there can be no invasion of privacy. The men's restroom at the Sears store had commode stalls with doors which locked from the inside. A person inside such a stall with the door locked could be said to have some reasonable expectation of privacy. State v. Bryant, 287 Minn. 205, 177 N.W. 2d 800. The commode stalls in Reverchon Park had no doors and were visible to all in the general restroom area. In such a design there is no reasonable expectation of privacy from viewers. State v. Bryant, supra. Hence, while the method of the alleged clandestine surveillance was identical in each instance, the appellant's expectation of privacy under the circumstances was not reasonable where no doors were provided for the stalls.

We therefore affirm the conviction in Cause No. 44,010 and reverse and remand the conviction in Cause No. 44,011.

It is so ordered.

ONION, P. J., not participating.