COMMONWEALTH *vs.* FREDERICK D. BLOOM. September 19, 1984. *Constitutional Law,* Search and seizure. *Search and Seizure,* Public rest room, Expectation of privacy.

The defendant was the subject of clandestine observation by the Barnstable police in a public rest room. Prosecuted under G. L. c. 272, § 35, he moved for pretrial suppression of the evidence obtained by those observations. The judge allowed the motion, and the Commonwealth has appealed.

The cases on this subject apply, without perfect consistency, principles enunciated in *Katz* v. *United States,* 389 U.S. 347 (1967), which held that use of an electronic listening device attached to the outside of a public phone booth constituted a search within the meaning of the Fourth Amendment of the United States Constitution. It was said that when the user shut the door of the phone booth, he had a reasonable expectation of privacy against the "intruding ear," an expectation entitled to Fourth Amendment protection. Later decisions have applied the principle of the *Katz* case to clandestine surveillance of toilet stalls in public rest rooms. *State* v. *Bryant,* 287 Minn. 205 (1970) (closed stall). *People* v. *Triggs,* 8 Cal. 3d 884 (1973) (doorless stall). *Kroehler* v. *Scott,* 391 F. Supp. 1114 (E. D. Pa. 1975) (same). Other courts have declined to apply *Katz* to open areas of rest rooms. *Buchanan* v. State, 471 S.W. 2d 401 (Tex. Cr. App. 1971), cert. denied, 405 U.S. 930 (1972) (doorless toilet stall). *State* v. *Jarrell,* 24 N.C. App. 610 (1975) (open area of public rest room). *People* v. *Anonymous,* 99 Misc. 2d 289 (N.Y. Justice Ct. 1979) (urinal area of men's room). *State* v. *Holt,* 291 Or. 343 (1981) (same). *Lewis* v. *Dayton Hudson Corp.,* 128 Mich. App. 165 (1983) (dictum at 171-172). "At least since the *Katz* decision, it is clear beyond question that [police] surveillance into a closed rest room stall constitutes a Fourth Amendment search . . . . It does not follow, of course, that every instance of police observation in a public rest room constitutes a Fourth Amendment search. There is no justified expectation of privacy as to incriminating conduct which occurs in the public area of a rest room rather than inside one of the stalls." 1 LeFave, Search and Seizure § 2.4, at 343-344, 346-347 (1978).

The defendant's conduct here is alleged to have occurred in the open urinal area of a municipal rest room. The surveillance was done through a wall opening from which a heating or ventilation duct had been removed. The opening was positioned above the urinals in the wall to which they were attached. There is no suggestion that this vantage afforded a view into toilet stalls, and it is conceivable (there are no findings either way) that it afforded no more than an upper body view of persons using the urinals. Such expectation of privacy as the defendant and his companion may have had in the open urinal area derived from a ten to twelve foot long metal partition (from photographs it appears to be about six feet high), which shields the urinal area from the main entrance. Because of the partition, the defendant could have expected perhaps three-seconds' warning of an approaching observer (assuming the observer's height did not permit him to see over the partition). In our opinion that expectation is not the "reasonable expectation of privacy" protected under the *Katz* case, which carries a connotation of a right or expectation of exclusivity of use. Here the surveillance was of an open area of a public rest room in a public building. Any male member of the public (including a police officer) had the right to enter the area at any time. No logical reason precluded the police from viewing covertly what they had a right to view openly. The defendant's

expectation of advance warning is not of constitutionally protected dimensions.

The order allowing the motion to suppress is reversed, and a new order is to enter denying the motion.

*So ordered.*

*Russell J. Redgate,* Assistant District Attorney, for the Commonwealth.

*Frederick C. Mycock* for the defendant.