TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00388-CR







Joe Allen Welch, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY


NO. 501,889, HONORABLE JAN BRELAND, JUDGE PRESIDING








 Appellant Joe Allen Welch was convicted in a bench trial of the offense of criminal
trespass. See Tex. Penal Code Ann. § 30.05(a)(1) (West Supp. 2000). The trial court assessed
appellant's punishment at confinement in the county jail for ninety days and a fine of $500. 
Imposition of the sentence was suspended, $400 of the fine was probated, and appellant was
placed on community supervision for one year.

 On appeal, appellant asserts that the evidence is insufficient to show that he
committed a criminal trespass and that the trial court erred in failing to grant his motion to
suppress evidence. We will overrule appellant's points of error and affirm the trial court's
judgment.

 It was alleged that:


JOE WELCH, the Defendant, on or about the 13th day of June, A.D. 1997, did
then and there intentionally and knowingly enter in the building of another, located
at 201 East 21st Street, without the effective consent of another, to wit:  Carl
Elder, the owner and someone with apparent authority to act for the owner, and
the Defendant did then and there have prior notice, to wit:  written and oral that
entry there was forbidden.



 Appellant contends that "the State failed to prove that [he] had prior notification
that his presence on the [University of Texas] campus was not permitted, and thus the conviction
on criminal trespass should not stand." Darrell Halstead, a University of Texas police officer,
testified that he issued a criminal trespass notice and warning to "a Joe Welch" on May 12, 1997. 
Halstead issued the trespass notice and warning to Welch on the University of Texas campus in
the Jester Academic Center's second floor men's rest room. The Jester Academic Center second
floor is "closed to the public" and "is an area restricted to faculty, staff, and students." Officer
Halstead issued the trespass notice and warning to Welch because Welch was not "affiliated with
the University" and was "not an invited guest, nor did he have official business in that particular
area." Although Officer Halstead was not asked to make a trial identification of appellant in the
usual manner, he was asked:  "I'm showing you what's been marked as State's Exhibit One. Is
that a copy of . . . the warning . . . that you issued to the defendant in this case, Mr. Welch, on
or about May 12th, 1997?" (emphasis added). Officer Halstead answered:  "Yes sir, it is." 
Officer Halstead testified that he read to Welch the criminal trespass warning from the ticket
which states that "you do not have the consent of the University of Texas to be on campus, and
I am requesting that you leave the campus immediately. If you do not leave immediately, you will
be arrested for criminal trespass." Welch's official identification number 16463954 was written
on the warning notice. Appellant signed and acknowledged that he understood he did not have
permission to be on the University of Texas campus, and in particular the Jester Academic
Center's second floor men's rest room. There is no evidence that Welch was subsequently given
permission to come upon the University of Texas campus. The written notice bearing Welch's
signature and identification was admitted in evidence as State's Exhibit One. Although defense
counsel first objected to the admission of this exhibit, after a colloquy between counsel and the
trial court, defense counsel stated, "I think that's right. I'll withdraw the objection." The trial
court then admitted State's Exhibit One. The number on appellant's identification card at the time
he was arrested matches the identification number on the trespass notice. The evidence is ample
to show that appellant was issued the trespass notice less than one month before in the same place
where he was detained. The evidence shows that appellant received prior notice that his entry on
the University of Texas campus and particularly the Jester Academic Center's second floor men's
rest room was forbidden. Appellant's point of error is overruled.

 Appellant also asserts that evidence used against him was obtained in violation of
his Fourth Amendment rights. He claims that he was seized and evidence of his identity was
unlawfully obtained when he was asked to exit a toilet stall and was unreasonably detained until
he showed a police officer his identification card. On June 13, 1997, Carl Elder, a University of
Texas employee, reported that a voyeur in the Jester Academic Center's second floor men's rest
room had been in that rest room for one hour and twenty minutes. University of Texas Police
Officer Louis Graham accompanied Elder into the rest room where only one man was present. 
Under a partition of one of the toilet stalls, Officer Graham and Elder saw a man's shoes and his
trousers draped around his ankles. Officer Graham knocked on the stall door and asked the
occupant to come out. When appellant came out, Officer Graham asked him for identification. 
Appellant produced his identification for Officer Graham; Graham called his dispatcher and found
that appellant one month earlier in the same rest room had been given a notice not to trespass on
the University of Texas campus. Graham then issued appellant a summons to appear in court to
answer a charge of criminal trespass.

 Appellant argues that while he was in a public toilet stall he had a reasonable
expectation of privacy and that his submission to police authority brought him under the protection
of the Fourth Amendment. Appellant cites Katz v. United States, 389 U.S. 347 (1967), for the
general proposition that a reasonable expectation of privacy insures Fourth Amendment protection. 
Appellant declares that under both the federal and state constitutions, an unlawful detention occurs
when a person is subjected to a violation of privacy upon which he has justifiably relied. 
Appellant argues that when he was in a public toilet stall with the door closed and his pants down
around his ankles he had an obvious, reasonable expectation of privacy. 

 In support of his claimed right of privacy in a public toilet stall appellant cites
Liebman v. State, 652 S.W.2d 942, 944-48 (Tex. Crim. App. 1983), Buchanan v. State, 471
S.W.2d 401, 404 (Tex. Crim. App. 1971), and State v. Brown, 929 S.W.2d. 588, 591 (Tex.
App.--Corpus Christi 1996, pet. ref'd). These cases do hold that a citizen may have a Fourth
Amendment privacy expectation in a public toilet or comparable place. However, appellant's
reliance on these cases is misplaced, because he was not in a public rest room. The rest room in
which he was arrested was on property restricted to private use of the faculty, employees, and
students of the University of Texas. Appellant was not a faculty member, employee, or student
of the University of Texas. Furthermore, a citizen can have no reasonable expectation of privacy
and Fourth Amendment protection on property where he is a trespasser. See United States v.
Ruckman, 806 F.2d 1471, 1472-74 (10th Cir. 1986); Zimmerman v. Bishop Estate, 25 F.3d 784,
787 (9th Cir. 1994). Here appellant had been issued a prior notice and warning not to trespass
on the University of Texas campus and in particular the rest room in which he was detained and
asked to furnish identification. Although Officer Halstead may not have known initially that
appellant was a trespasser, appellant, who had received the trespasser notice and warning, could
not have had a reasonable expectation of privacy and thus Fourth Amendment protection. 
Appellant's federal and state constitutional rights were not violated. The trial court did not err
in refusing to suppress the evidence about which appellant complains. Appellant's point of error
is overruled.

 The judgment is affirmed.



 


 Carl E. F. Dally, Justice

Before Justices Kidd, Yeakel and Dally*

Affirmed

Filed: January 21, 2000

Do Not Publish


* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).



e claims that he was seized and evidence of his identity was
unlawfully obtained when he was asked to exit a toilet stall and was unreasonably detained until
he showed a police officer his identification card. On June 13, 1997, Carl Elder, a University of
Texas employee, reported that a voyeur in the Jester Academic Center's second floor men's rest
room had been in that rest room for one hour and twenty minutes. University of Texas Police
Officer Louis Graham accompanied Elder into the rest room where only one man was present. 
Under a partition of one of the toilet stalls, Officer Graham and Elder saw a man's shoes and his
trousers draped around his ankles. Officer Graham knocked on the stall door and asked the
occupant to come out. When appellant came out, Officer Graham asked him for identification. 
Appellant produced his identification for Officer Graham; Graham called his dispatcher and found
that appellant one month earlier in the same rest room had been given a notice not to trespass on
the University of Texas campus. Graham then issued appellant a summons to appear in court to
answer a charge of criminal trespass.

 Appellant argues that while he was in a public toilet stall he had a reasonable
expectation of privacy and that his submission to police authority brought him under the protection
of the Fourth Amendment. Appellant cites Katz v. United States, 389 U.S. 347 (1967), for the
general proposition that a reasonable expectation of privacy insures Fourth Amendment protection. 
Appellant declares that under both the federal and state constitutions, an unlawful detention occurs
when a person is subjected to a violation of privacy upon which he has justifiably relied. 
Appellant argues that when he was in a public toilet stall with the door closed and his pants down
around his ankles he had an obvious, reasonable expectation of privacy. 

 In support of his claimed right of privacy in a public toilet stall appellant cites
Liebman v. State, 652 S.W.2d 942, 944-48 (Tex. Crim. App. 1983), Buchanan v. State, 471
S.W.2d 401, 404 (Tex. Crim. App. 1971), and State v. Brown, 929 S.W.2d. 588, 591 (Tex.
App.--Corpus Christi 1996, pet. ref'd). These cases do hold that a citizen may have a Fourth
Amendment privacy expectation in a public toilet or comparable place. However, appellant's
reliance on these cases is misplaced, because he was not in a public rest room. The rest room in
which he was arrested was on property restricted to private use of the faculty, employees, and
students of the University of Texas. Appellant was not a faculty member, employee, or student
of the University of Texas. Furthermore, a citizen can have no reasonable expectation of privacy
and Fourth Amendment protection on property where he is a trespasser. See United States v.
Ruckman, 806 F.2d 1471, 1472-74 (10th Cir. 1986); Zimmerman v. Bishop Estate, 25 F.3d 784,
787 (9th Cir. 1994). Here appellant had been issued a prior notice and warning not to trespass
on the University of Texas campus and in particular the rest room in which he was detained and
asked to furnish identification. Although Officer Halstead may not have known initially that
appellant was a trespasser, appellant, who had receive