# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00634-CR

**Ismael Velasquez, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT NO. 05-151-K277, HONORABLE KEN ANDERSON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Ismael Velasquez, who was reportedly creating a disturbance at a store, fled an approaching police officer and attempted to dispose of a plastic bag containing cocaine in the store manager's private toilet. The officer pulled the plastic bag from the toilet. A jury convicted appellant of tampering with physical evidence and possession of a controlled substance. Velasquez complains that the district court erred by failing to suppress the plastic bag because it was seized in violation of the Fourth Amendment. We affirm.

Round Rock Police Officer Timothy Stevenson responded to a report of a disturbance at a gas station. Stevenson testified that the report was that a Hispanic man without shirt or shoes had created a disturbance in a motel and continued to do so at the nearby gas station. Arriving less than a minute after receiving the report, Stevenson saw through the store's windows and door a man fitting the description at the counter. At trial, Stevenson identified that man as appellant. Stevenson said he wanted to talk to appellant to investigate the report. As Stevenson approached the store door,

appellant ran toward the back of the store. Stevenson entered the store, identified himself as a police officer, and ordered appellant to stop.

Appellant fled down a hallway into the manager's office. He unsuccessfully tried to exclude Stevenson by closing the door. A photograph admitted at trial shows that the door to the office had an "employees only" sign and a second sign that stated, "Bathrooms are outside and they are open!" Appellant continued fleeing into the manager's bathroom. Stevenson saw him throw something into the toilet, flush the toilet, and lie across the closed lid. Stevenson testified that he was concerned that appellant might have a weapon and wanted to know why appellant had run and what he had thrown into the toilet. Stevenson tried to handcuff appellant and ordered him to cooperate, but appellant locked his hands around the toilet. After a second officer arrived, the police were able to remove appellant from the toilet. As the second officer escorted appellant from the room, Stevenson opened the toilet and found a plastic bag containing a white powdery substance leaking into the water and dissolving. The substance included cocaine. The trial court denied appellant's motion to suppress the admission of the plastic bag that had contained the cocaine.

Appellant contends that the court erred by admitting the cocaine-bearing plastic bag because it was seized in violation of the Fourth Amendment. *See* U.S. Const. amend. IV. He contends that police lacked any reasonable suspicion to detain him, that the detention was illegal, and that the consequent search of the toilet was, therefore, illegal.

A defendant seeking to suppress evidence obtained in violation of the Fourth Amendment must first show that he personally had a reasonable expectation of privacy that the government invaded. *Kothe v. State*, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004) (citing *Rakas v. Illinois*, 439 U.S. 128, 139 (1978). He must prove that he suffered an "injury in fact" from the

unlawful search or seizure. *Id*. He can assert his own legal rights and interests but cannot complain about the invasion of someone else's personal rights. *Id*.; *see also Alderman v. United States*, 394 U.S. 165, 174 (1969). Only after a defendant has established his standing to complain may a court consider whether he has suffered a substantive Fourth Amendment violation. *Kothe*, 152 S.W.3d at 59. Although we defer to the trial court's factual findings and view them in the light most favorable to the prevailing party, we review the legal issue of standing de novo. *Id*.

The accused bears the burden of demonstrating an objectively reasonable expectation of privacy. *Granados v. State*, 85 S.W.3d 217, 222-23 (Tex. Crim. App. 2002). We consider the totality of the circumstances. *Id*. at 223. The non-exclusive list of factors considered includes: (1) whether the accused had a property or possessory interest in the place invaded; (2) whether he was legitimately in the place invaded; (3) whether he had complete dominion or control and the right to exclude others; (4) whether, prior to the intrusion, he took normal precautions customarily taken by those seeking privacy; (5) whether he put the place to some private use; and (6) whether his claim of privacy is consistent with historical notions of privacy. *Id*.

Appellant did not show that he had a reasonable expectation of privacy in the manager's nonpublic bathroom. While a person inside a public restroom stall with locking stall doors can have some reasonable expectation of privacy, *see Buchanan v. State*, 471 S.W.2d 401, 404 (Tex. Crim. App. 1971), a person fleeing police officers and, in the process, invading the nonpublic rooms of other citizens without permission does not have the same type of expectation in those rooms. As the signs on the office door showed, the office was not a public area and the public's restrooms were outside. Appellant had no property or possessory interest in the private restroom, was not legitimately there, and did not have any dominion or control of the room. He was reported

3

to police for creating a disturbance, fled a police officer upon sight, and went into a nonpublic area without seeking permission. He had no reasonable expectation of privacy in the manager's restroom under these circumstances.

Further, Stevenson's collection of the abandoned cocaine did not implicate the Fourth Amendment. *See California v. Hodari D.*, 499 U.S. 621, 629 (1991). In that case, in which a person abandoned cocaine while fleeing from a police officer's show of authority, the Supreme Court concluded that the defendant did not yield to the show of authority until he was tackled. *Id*. The Court concluded that the cocaine the defendant abandoned while running was not the fruit of a seizure, and the defendant's motion to exclude the cocaine from evidence was properly denied. *Id*. Similarly, in this case, appellant abandoned the cocaine before police touched him, and did so under circumstances in which he did not have a reasonable expectation of privacy.

Because appellant lacked a reasonable expectation of privacy in the store manager's private restroom and abandoned the plastic bag containing the cocaine, there was no seizure of personal property prohibited by the Fourth Amendment. The trial court did not err by admitting the evidence. We affirm the judgment.

_____

G. Alan Waldrop, Justice

Before Justices B. A. Smith, Puryear, and Waldrop

Affirmed

Filed: September 29, 2006

Do Not Publish