# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00665-CV

**Eric Drake, Appellant**

**v.**

**Seana Willing, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
## NO. D-1-GN-14-001215, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Eric Drake, appearing pro se, appeals the trial court's order declaring him a vexatious litigant. In eleven issues, Drake contends that the trial judge should have recused himself, questions the authority of the trial judge who presided over the hearing on the motion to declare him a vexatious litigant, complains about orders signed by other judges related to a motion to recuse, asserts that the court did not follow proper procedures and otherwise erred by hearing and ruling on the motion to declare him a vexatious litigant, and argues that Seana Willing failed to meet her burden of proof under the vexatious litigant statute. We will affirm the trial court's judgment.

## BACKGROUND

In 2007, Dallas County District Judge Martin Hoffman declared Drake a vexatious litigant according to the provisions of Texas Civil Practice and Remedies Code chapter 11, and

dismissed the suit he had filed arising out of an automobile accident.[1] Drake then complained to the Texas Commission on Judicial Conduct that Judge Hoffman had treated him differently from others because of his race. In the proceedings underlying this appeal, instituted in April 2014, Drake sued Willing, Executive Director of the Texas Commission on Judicial Conduct, complaining that she failed to properly investigate his complaint regarding Judge Hoffman.[2] Willing filed a plea to the jurisdiction asserting sovereign immunity and challenging Drake's standing to bring a claim that she or her agency failed to adequately investigate a complaint against a judge. On August 5th, Willing filed a motion to declare Drake a vexatious litigant.

On August 7th, Drake filed a notice of nonsuit of all his claims.[3] He also filed a motion to recuse and disqualify thirty-five Travis County district-court and county-court-at-law judges. The stated ground for the motion was that each of these judges had "a personal bias or prejudice concerning the subject matter or a party." *See* Tex. R. Civ. P. 18b(b)(2).

On the morning of August 19th, Drake filed a response in opposition to the motion to declare him a vexatious litigant. Judge Gus Strauss, a visiting judge, then called the case for a

---

[1] The court of appeals reversed the trial court's dismissal order on the ground that the defendant failed to present any evidence related to whether there was a reasonable probability that Drake would prevail in the suit. *See Drake v. Andrews*, 294 S.W.3d 370, 375-76 (Tex. App.—Dallas 2009, pet. denied); *see also* Tex. Civ. Prac. & Rem. Code § 11.054 (court may find plaintiff vexatious if defendant shows both no reasonable probability that plaintiff will prevail and one of three litigation histories).

[2] Drake also sued a number of other individuals, including his former attorney, a court reporter, and a judge, alleging a variety of misconduct including perjury, falsifying court records, and race discrimination.

[3] As a result of the nonsuit, the trial court's order on the motion to declare Drake a vexatious litigant was final and appealable.

hearing on the motion. Drake objected to Judge Strauss's hearing the case. *See* Tex. Gov't Code § 74.053(b) ("If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case."). Judge Strauss did not hear the case. Judge Charles Ramsay was then assigned to preside over the hearing. Drake again objected to the case being heard by Judge Ramsay, stating "pursuant to the [Texas Rules of Civil Procedure] I can object to any visiting judge that is going to hear a case." Counsel for Willing countered that, having objected to one assigned judge, Drake was not entitled to object to the subsequent assignment of Judge Ramsay. *See id.* ("Except as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case."), (d) (party may object to assigned judge who was defeated in last primary or general election for which judge was candidate for judicial office held by judge). Judge Ramsay proceeded with the hearing, granted Willing's motion, and signed an order declaring Drake a vexatious litigant. The trial court's order goes into great detail regarding the court's reasons for declaring Drake a vexatious litigant, most of which Drake does not dispute in this appeal. Drake nevertheless perfected this appeal, raising eleven issues.

## DISCUSSION

### *Drake's Objections to Assigned Judge*

In his first issue, Drake asserts that because he objected to Judge Ramsay's assignment to hear the motion to declare him a vexatious litigant, the order declaring him a vexatious litigant is "not valid." Relying on *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436 (Tex. 1997), Drake argues that, pursuant to Texas Government Code section 74.053(d), he was allowed unlimited objections to any "former judge" assigned to his case. In *Mitchell*, the supreme court observed that,

3

while Texas Government Code section 74.053(b) generally limits a party to only one objection to an assigned judge, the version of section 74.053(d) then in effect permitted unlimited objections to an assigned judge who was a "former judge" rather than a "retired judge." *Mitchell Energy*, 943 S.W.2d at 437.[4] Drake asserts that because Judge Ramsay is a "former judge" rather than a "retired judge," he was permitted to object to Judge Ramsay's hearing the motion despite the fact that he had already objected to one assigned judge. This argument fails because Drake has overlooked the fact that the legislature amended section 74.053(d) in 2003. *See* Act of May 27, 2003, 78th Leg., R.S., ch. 315, § 10, 2003 Tex. Gen. Laws 1338, 1339. The statute now provides:

> (d) An assigned judge or justice who was defeated in the last primary or general election for which the judge or justice was a candidate for the judicial office held by the judge or justice may not sit in a case if either party objects to the judge or justice.

Tex. Gov't Code § 74.053(d). Otherwise, each party to the case is "only entitled to one objection under this section for that case." *Id.* § 74.053(b). Because Judge Ramsay was not an assigned judge or justice who was defeated in the last primary or general election for which he was a candidate, Drake was not permitted to object to his sitting by assignment once he had already objected to the assignment of Judge Strauss.

Drake also appears to argue that Judge Ramsay should have recused himself from the case. We disagree. Drake's motion to recuse did not include Judge Ramsay in the list of judges Drake sought to recuse. Moreover, the evidence in the record does not demonstrate the existence

---

[4] Until its amendment in 2003, section 74.053(d) provided: "A former judge or justice who was not a retired judge may not sit in a case if either party objects to the judge or justice." Act of May 23, 1991, 72d Leg., R.S., ch. 785, § 2, 1991 Tex. Gen. Laws 2782 (amended 2003) (current version at Tex. Gov't Code § 74.053(d)).

of any ground for recusing Judge Ramsay. *See* Tex. R. Civ. P. 18b(b)(2) (judge must recuse in any proceeding in which judge has personal bias or prejudice concerning subject matter or party).[5]

Drake also asserts that the record does not include an order from the administrative judge assigning Judge Ramsay to hear the motion and contends that this omission demonstrates that Judge Ramsay was not properly assigned to the case. However, it is Drake's burden to show that Judge Ramsay was not properly assigned to hear cases in Travis County district court. *See Alexander v. State*, 903 S.W.2d 881, 883 (Tex. App.—Fort Worth 1995, no pet.). Absent some showing to the contrary, Texas courts presume that an assignment was properly made pursuant to all statutory requirements. *Buchanan v. State*, 471 S.W.2d 401, 403 (Tex. Crim. App. 1971). The fact that the record does not include an order assigning Judge Ramsay to the case does not constitute evidence rebutting this presumption. We overrule Drake's first issue.[6]

In his third issue, Drake appears to complain about actions taken by Warren Vavra, the court administrator for Travis County, related to Judge Ramsay's assignment to hear the motion to declare him a vexatious litigant. Drake's complaints about any procedural irregularities surrounding the assignment of Judge Ramsay were not raised in the trial court and have therefore been waived. *See Wilson v. State*, 977 S.W.2d 379, 380 (Tex. Crim. App. 1998) (appellant may not object to

---

[5] Drake also complains that he had no prior notice of Judge Ramsay's appointment before the date of the hearing. Such notice, however, is only required "if it is reasonable and practicable and if time permits." *See* Tex. Gov't Code § 74.053(a)(2). Judge Ramsay was assigned to hear the motion to declare Drake a vexatious litigant on the date of the hearing immediately after Drake objected to Judge Strauss. Consequently, prior notice was not reasonable or practicable, nor did time permit it.

[6] We also overrule Drake's sixth issue, which again asserts that Judge Ramsay was not duly authorized to hear the motion to declare him a vexatious litigant, but does not identify any evidence in the record to rebut the presumption that Judge Ramsay was properly assigned to hear the motion.

procedural irregularity in assignment of former judge for first time on appeal). Moreover, Drake does not provide any citations to the record to support his assertions about the manner in which Judge Ramsay was assigned to hear the motion to declare him a vexatious litigant. In the absence of any contrary evidence, we presume Judge Ramsay was duly appointed to preside over the hearing. *See Buchanan*, 471 S.W.2d at 403; *Rivera v. State*, 981 S.W.2d 336, 341 (Tex. App.—Houston [14th Dist.] 1998, no pet.). Drake's third issue is overruled.

### *Orders of Judge David Phillips and Judge Stephen Yelenosky*

In his fourth issue, Drake asserts that two orders should be vacated: (1) an order signed by Judge Phillips on Drake's motion to recuse him from the case, and (2) an order signed by Judge Yelenosky referring Drake's motion to recuse to the Regional Presiding Judge. These orders, however, have no bearing on, or discernable relationship to, Judge Ramsay's order declaring Drake a vexatious litigant, which is the subject of this appeal. Drake has not identified any way in which he has been harmed by these orders. *See* Tex. R. App. P. 44.1(a) ("No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals."). We overrule Drake's fourth issue.

### *Complaints Regarding Court's Action on Motion to Recuse*

In his fifth issue, Drake complains about the manner in which the court handled his motion to recuse thirty-five Travis County district-court and county-court-at-law judges. Drake

principally argues that the court failed to act on his motion to recuse before the hearing on the motion to declare him a vexatious litigant. Drake again fails to identify any way in which he was harmed by any error in handling his motion to recuse. None of the judges whose recusal he sought heard the motion to declare him a vexatious litigant. Instead, the case was heard by Judge Ramsay, sitting by assignment. Drake's fifth issue is overruled. *See* Tex. R. App. P. 44.1(a).

### *Complaint Regarding Failure to Confer*

In his seventh issue, Drake asserts that the order declaring him a vexatious litigant was procured by fraud or through deception and perjury by counsel for Willing. Specifically, Drake states that counsel inaccurately represented to the trial court that he had conferred with Drake regarding the motion to declare Drake a vexatious litigant. At the hearing, counsel informed the court that he filed the motion on August 5 without conferring with Drake because he was unaware of the local rule requiring parties to confer. Counsel stated that when he was apprised of the local rule, he conferred with Drake on August 7 "to ascertain the fact that [Drake] was, first of all, opposed to the motion to have him declared a vexatious litigant [] and also that he was aware of and would be present at the hearing." Counsel for Willing then filed a supplemental notice of hearing that included a certificate of conference stating that the parties had conferred and that Drake was opposed to the motion. Drake asserts that counsel for Willing did not in fact confer with him and that counsel's statements to the court were material false representations made to induce Judge Ramsay to sign the order declaring him vexatious.

As an initial matter, Judge Ramsay, as the trier of fact, was the sole judge of the credibility of the witnesses and the weight to be given to any testimony or pleadings on file. *See*

7

*Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). Judge Ramsay was free to believe counsel for Willing's statement that he conferred with Drake and disbelieve Drake's assertion that counsel did not. *Id.* Furthermore, Judge Ramsay filed extensive findings of fact and conclusions of law in support of the order declaring Drake a vexatious litigant. There is no finding or conclusion that indicates the trial court's order was based on or in any manner procured by counsel for Willing's statement that he conferred with Drake regarding the motion before the hearing. Drake's seventh issue is overruled.

### Due Process Violations

In his eighth issue, Drake asserts that his right to due process was violated because the trial court did not conduct a hearing on a motion he had previously filed seeking to compel the depositions of three of Willing's co-defendants. Rather than hold the hearing on Drake's motion to compel, the trial court agreed with the defendants that the filing of a motion to declare Drake a vexatious litigant had stayed all proceedings until resolution of that matter. *See* Tex. Civ. Prac. & Rem. Code § 11.052 (when motion to declare plaintiff vexatious litigant is filed litigation is stayed for court-determined period). The record indicates that a Travis County district judge had signed an order staying the case on that basis. The court's failure to permit Drake to go forward on his motion to compel discovery was consistent with the statute and the court's orders, and did not constitute a violation of Drake's right to due process.

On appeal, Drake argues that his due process rights were violated because he was prevented from offering at the hearing on the motion to declare him a vexatious litigant "uncontroverted proof" that his claims were meritorious. We understand Drake's argument to be

8

that, had the court heard his motion to compel, it would have been granted and Drake would have taken the depositions he sought and elicited the "uncontroverted proof" alluded to. But Drake fails to explain how his inability to take the requested depositions deprived him of his right to call the deponents, each of whom was a party, as witnesses to testify at the hearing on the motion to declare him a vexatious litigant. Drake specifically requested an evidentiary hearing on any motion that sought to declare him a vexatious litigant and indicated that he would call witnesses at any such hearing "to dispel any notion that he has ever been a vexatious litigant." Drake did not, however, attempt to call any witnesses at the hearing, nor did he request a continuance. The record does not support Drake's assertion that his due process rights were in any way violated. We overrule the eighth issue.

### *Trial Court's Failure to Act on Pending Motions*

In his ninth issue, Drake asserts that it was an abuse of discretion for the trial court to sign an order declaring him a vexatious litigant when there were various motions pending, including motions to transfer venue filed by three of Willing's co-defendants, Drake's motion to compel, and Willing's plea to the jurisdiction. However, as set forth above, the Texas Civil Practice and Remedies Code mandates that the litigation is stayed once a motion to declare the plaintiff a vexatious litigant is filed. *See id*. Even challenges to the court's subject-matter jurisdiction over a plaintiff's claims may be left unresolved pending the vexatious-litigant determination, although the court may conclude that its lack of subject-matter jurisdiction over a plaintiff's cause of action is a basis for finding that there is no reasonable probability of success. *See In re Kim*,

No. 03-09-00113-CV, 2009 WL 1653856, at *2 (Tex. App.—Austin June 2, 2009, orig. proceeding) (mem. op.). Drake's ninth issue is overruled.

### Drake's Tenth Issue

Drake's tenth issue raises arguments previously raised in other issues that we have overruled. These include his assertions that: (1) counsel for Willing failed to confer with Drake regarding the motion to declare him a vexatious litigant; (2) Judge Ramsay abused his discretion by acting on the motion to declare him a vexatious litigant before the court had ruled on his motion to recuse thirty-five other Travis County district-court and county-court-at-law judges; and (3) Judge Ramsay had no authority to preside over the hearing and sign the order declaring him a vexatious litigant. The tenth issue is overruled.

### Likelihood of Success

Drake's second issue challenges the order declaring him a vexatious litigant on the ground that Willing failed to meet her burden of showing that there was not a reasonable probability that Drake would prevail in the litigation against her. *See* Tex. Civ. Prac. & Rem. Code § 11.054. The trial court found that Drake did not have a reasonable probability of success because his pleadings did not allege a basis for waiving Willing's sovereign immunity from suit and he did not have standing to bring a claim against the Executive Director of the Texas Commission on Judicial Conduct regarding the adequacy of its investigation of a judge. While Drake argues on appeal that the trial court erred in concluding that sovereign immunity barred his claims against Willing, he does not challenge the trial court's conclusion that he lacked standing to bring a claim against

10

Willing arising out of the manner in which she or her agency handled the investigation of his complaint against Judge Hoffman. Because he has not briefed the issue, he has waived any complaint about the trial court's determination that he did not have standing to assert his claim against Willing. *See* Tex. R. App. P. 38.1(i).

Moreover, we do not believe the trial court erred in concluding that Drake lacked standing. "The general test for standing in Texas requires that there '(a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought.'" *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993) (quoting *Board of Water Eng'rs v. City of San Antonio*, 283 S.W.2d 722, 724 (Tex. 1955)). Standing to challenge the lawfulness of governmental acts requires that a plaintiff allege some injury distinct from any sustained by the public at large. *See Brown v. Todd*, 53 S.W.3d 297, 302 (Tex. 2001). Drake does not explain, nor can we discern from the record, what injury he has suffered as a result of Willing's allegedly inadequate investigation of his complaint regarding Judge Hoffman. Nor does Drake identify what controversy between him and Willing would be actually determined by any judicial determination sought. Drake's lack of standing to bring a claim against Willing arising out of her investigation of his complaint against Judge Hoffman supports the trial court's conclusion that there is no reasonable probability that he would prevail in the litigation against Willing. We overrule Drake's second issue.[7]

---

[7] Because the unchallenged finding that Drake lacked standing to assert his claim against Willing is sufficient to support the trial court's finding of no reasonable probability of success in the litigation against her, we need not address Drake's eleventh issue in which he asserts that sovereign immunity did not bar his claim against Willing other than to observe that we find the arguments in his brief uncompelling. *See* Tex. R. App. P. 47.1 (court of appeals must hand down written opinion that is as brief as practicable addressing every issue raised and necessary to final disposition of appeal).

# CONCLUSION

For the reasons stated above, we affirm the trial court's judgment declaring Drake a vexatious litigant and ordering that he is prohibited from filing pro se any new litigation in a court in this state under the name "Eric Drake," "Eric Von Drake," or any other name, without first being granted permission to file by the local administrative judge.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   September 16, 2015

12